LUCERO, Circuit Judge,
concurring in part and dissenting in part.
Because I agree with the majority decision affirming the district court’s grant of partial summary judgment to Shelter on its breach of contract claim, I join that aspect of the majority opinion.[1] However, I disagree with the conclusion that limiting Wardley’s personal liability to debts and liabilities incurred in the course of prohibited prefiling activities “would be squarely in conflict” with Utah’s Business Corporation Act (“BCA”) precedent. Slip op. at 21. It is this disagreement that presents the basis of this dissent.
The majority acknowledges that it “found no Utah law addressing the parameters of an organizer’s personal liability arising from prohibited pre-organization activities” under Utah Code Ann. § 48-2b-118(3) (1994). Id. at 14. Presented with this “matter of first impression,” id.— whether BCA precedent is applicable to claims under Utah’s Limited Liability Company Act (“LLCA”) — the majority proceeds to interpret the LLCA to impose personal liability on Wardley for Castle’s debts and liabilities incurred after the prefiling period. Yet, the BCA has no analogous provision to the relevant LLCA provision in this case, and accordingly, the LLCA’s plain language, not BCA precedent, should control our decision.
American Vending Servs., Inc. v. Morse, 881 P.2d 917 (Utah Ct.App.1994), decided *17 by the Utah Court of Appeals, forms the predicate of the majority opinion. The American Vending court held that “section 16-10-139 [of the BCA] imposes joint and several liability” on corporate promoters for the full extent of the corporation’s debts and liabilities arising from prohibited pre-incorporation activities without regard to subsequent incorporation. Section 16-10-139, which has since been repealed, stated: “All persons who assume to act as a corporation without authority so to do shall be jointly and severally hable for all debts and liabilities incurred or arising as a result thereof.” This statutory provision does not distinguish between prohibited prefiling activities and general misrepresentation of corporate existence. Utah Supreme Court precedent confirms this reading. See Steenblik v. Lichfield, 906 P.2d 872, 878 (Utah 1995) (“nothing in Utah’s statutory history suggests that § 16-10-139 is limited to preincorporation activities.”). Because the Utah state legislature has not distinguished actions taken during the prefiling period from other forms of misrepresentation, Utah courts impose the same personal liability under both circumstances.
By contrast, the LLCA, which provided the relevant law at the time Castle and Shelter entered into the joint venture agreement, explicitly distinguishes between persons engaged in prohibited prefiling activities and persons generally acting as an LLC in contravention of the statute. One provision of the LLCA is substantially similar to § 16-10-139 of the BCA, the statute interpreted by American Vending. That provision of the LLCA states: “All persons who assume to act as a limited liability company without authority granted by the division to do so are jointly and severally hable for all debts and liabilities so incurred.” § 48-2b-110.
However, § 48-2b-110 is not the statutory provision governing our determination in this matter. Rather, the state legislature has distinguished prohibited prefiling activities from other activities when it provides that, “[pjersons engaged in prefiling activities other than those authorized by this section shall be jointly and severally hable for any debts or liabilities incurred in the course of those activities.” § 48-2b-118(3) (emphasis added). By its terms, this provision limits personal liability to debts and liabilities incurred while engaging in prohibited prefiling activities. Section 48-2b-118(3) finds no compatriot in the BCA, and therefore neither American Vending, nor any other BCA precedent, controls our interpretation of § 48-2b-118(3). While the legislature exphcitly distinguished between prefiling activities and general misrepresentation in the LLCA, it chose not to differentiate the extent of personal liability for misrepresenting corporate existence in the BCA.
While the LLCA contains a separate provision pertaining to prefiling activities, Utah’s BCA does not contain a counterpart affecting such prefiling activities. Under the LLCA, a promoter is personally liable for debts or liabihties incurred “in the course of’ prefiling activities. By contrast, the BCA extends a corporate promoter’s liability both to debts and liabilities incurred in prohibited pre-incorporation activities, as well as debts and liabihties “arising as a result” of those activities. Given that the LLCA exphcitly distinguishes between persons acting as an LLC in contravention of that Act and those engaged in prohibited prefiling activities, and that Utah’s BCA does not make a similar distinction, only one conclusion flows logically: the LLCA and the BCA are sufficiently dissimilar on this point such that precedent regarding the latter cannot compel a result under the former.
*18 We turn then to the statutory language of the LLCA, which provides us with our only guide in. construing § 48-2b-118(3). This section limits personal liability to liability “for any debts or liabilities incurred in the course of those activities.” § 48-2b-118(3). “Those” refers to “prefiling activities other than those authorized by this section----” Id. By its plain meaning, § 48-2b-118(3) limits a promoter’s personal liability to liabilities incurred during the period of time the individual engaged in prohibited prefiling activities.
Pursuant to Utah’s principles of statutory interpretation, we look first to the plain language of the statute. See Evans v. State, 963 P.2d 177, 184 (Utah 1998). We “assume that each term ... was used advisedly; thus the statutory words are read literally, unless such a reading is unreasonably confused or inoperable.” Johnson v. Redevelopment Agency, 913 P.2d 723, 727 (Utah 1995) (internal citations omitted). “Course,” in turn, has a plain meaning. It clearly means the length of time over which a process extends — duration.
Because the “course” of prefiling activities extends to that period of time preceding the filing of articles of organization, I would hold that Wardley is jointly and severally liable for all of Castle’s debts and liabilities incurred prior to December 22, 1994, the date Castle’s articles of organization were filed. I cannot agree, as the majority proposes to hold, that Wardley is hable for Castle’s debts and liabilities incurred after Castle filed its articles of organization.

. The contract at issue is a partnership agreement subject to partnership accounting principles, under which earnings, debts, and liabilities are stated as of the time they are earned or incurred.